1  JEFFREY S. KOPP, CA Bar No. 185783
     jkopp@foley.com
2  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
3  LOS ANGELES, CA 90071-2418
   TELEPHONE: 213.972.4500
4  FACSIMILE:  213.486.0065

5  Attorneys for Petitioner NEXTEER
   AUTOMOTIVE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: DMCA SECTION 512(H) SUBPOENA TO GITHUB, INC. | MISC. ACTION NO: 3:23-MC-80164-LJC |
|---|---|
| | **NEXTEER AUTOMOTIVE CORPORATION'S NOTICE AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO GITHUB, INC. AND REQUEST FOR NON-DISCLOSURE** |
| | Date: August 8, 2023<br>Time: 10:30 a.m.<br>Judge: Hon. Lisa J. Cisneros<br>Courtroom G, 15th Floor |

## NOTICE OF MOTION AND MOTION TO COMPEL

**PLEASE TAKE NOTICE** that on August 8, 2023, at 10:30 a.m. or as soon thereafter as may be heard, in Courtroom G, 15th Floor, of the United Stated District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Petitioner Nexteer Automotive Corporation ("Nexteer") will and hereby does move this Court to compel compliance with the DMCA § 512(h) subpoena issued by the clerk of this court to GitHub, Inc., and issue a non-disclosure order preventing GitHub from notifying the affected users and any individuals that downloaded the information prior to disclosing their account information.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Jeffrey S. Kopp in Support of this Motion, all pleadings and papers on file in this action, and such other matters as the Court may consider.

DATE: JUNE 30, 2023

FOLEY & LARDNER LLP
JEFFREY S. KOPP

By: /s/ Jeffrey S. Kopp
JEFFREY S. KOPP
Attorneys for Petitioner NEXTEER AUTOMOTIVE CORPORATION

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 1

TABLE OF AUTHORITIES ..................................................................................................... 1

I.     INTRODUCTION ........................................................................................................ 3

II.    FACTUAL BACKGROUND ....................................................................................... 4

III.   PROCEDURAL BACKGROUND ............................................................................... 6

IV.    LEGAL STANDARD .................................................................................................. 6

V.     STATEMENT OF ISSUES .......................................................................................... 7

VI.    MEET AND CONFER PROCESS ............................................................................... 8

VII.   ARGUMENT ................................................................................................................ 9

       A.     GitHub is Refusing a Court Order. ................................................................... 9

       B.     Nexteer's Rights Are Significantly Threatened. ............................................. 10

       C.     GitHub Should Not Be Allowed to Give the Users Advance Notice. ............ 12

V.     CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

*Rich v. Butowsky*, 2020 WL 5910069 (N.D. Cal. Oct. 6, 2020) ...................................................................6

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 (N.D. Cal. 2022)....................10, 12

**Other Authorities**

17 U.S.C. § 512 *et. seq.* ........................................................................................................................6, 10

Fed. R. Civ. P. 45 *et. seq.*.....................................................................................................................6, 10

17 U.S.C. § 107 *et. seq.* ...........................................................................................................................10

## I.   INTRODUCTION

Nexteer Automotive Corporation ("Nexteer") respectfully requests that this Court issue an order compelling GitHub, Inc. ("GitHub") to comply with the subpoena issued on June 9, 2023 by the Clerk of this Court, and issue an order preventing GitHub from giving advance notice to website users and any individuals that downloaded this information that it is going to disclose their account information to Nexteer pursuant to the subpoena.

Nexteer is a global automotive supplier that produces various types of electric and hydraulic power steering systems for all types of automakers. As part of their product portfolio, Nexteer created and maintains copyrighted, highly confidential, and proprietary software to enable safe and proper operation of the electric power steering systems that they supply to vehicle manufacturers. This proprietary code is a significant reason why Nexteer is a leader in the global automotive steering solutions industry and has unique value to Nexteer and its automotive Original Equipment Manufacturer (OEM) customers.

GitHub is a website and online platform for software developers to share, collaborate on, and develop software. On GitHub, users can create accounts and store, manage, and track software development projects, both alone and with others that may access and download this information.

Roughly a month before this filing, Nexteer's highly confidential and copyrighted code for its electric steering systems was posted to the GitHub website by anonymous users. Not only was the distribution of the code a violation of Nexteer's copyright rights, but the anonymous users went as far as to take Nexteer's code and begin developing their own software based on it. Nexteer promptly submitted a Digital Millennium Copyright Act ("DMCA") takedown request, and requested the non-public account information of the infringing users to prevent further dissemination of the code. Although GitHub complied with the request to remove the infringing posts, and purportedly will identify the user who uploaded the code to the GitHub platform, GitHub refuses to provide the account identifying information of the users who downloaded Nexteer's code. GitHub also insists on notifying the user who uploaded the code before informing Nexteer of the user's identity.

It is crucial that GitHub provides the information of users who downloaded the Nexteer code. Nexteer needs to be able to proactively prevent further dissemination of the data to protect its

intellectual property and mitigate damages.

## II. FACTUAL BACKGROUND

Nexteer's product and technology portfolio includes, among many others, electric power steering systems for cars that utilize proprietary software code to operate safely and properly. (*See* Dkt. No. 7-1 [Declaration of Jeffrey Kopp], at ¶ 3). In 2022, Nexteer reported revenue of $3.839 billion globally. Nexteer provides steering solutions to the world's top OEMs, including BMW, Ford, GM, Stellantis, Toyota, and Volkswagen, among others. (*Id.* at ¶ 4).

GitHub operates a website to which infringing parties posted confidential and proprietary source code—as well as source code licensed to Nexteer. (*See* Dkt. No. 1 [Declaration of Pete Kiousis], at ¶ 3– 4.) These postings infringe on copyrights held by Nexteer. (*Id.* at ¶ 3.) Nexteer seeks to obtain the identity of all copyright infringers in order to protect its rights under 17 U.S.C. §§ 100 *et seq.* (*Id.* at ¶ 5.)

On May 25, 2023, Pete Kiousis, Nexteer's Assistant General Counsel and Chief IP Counsel, submitted a DMCA takedown notification on GitHub's online DMCA notification form. (*Id.* at ¶ 4.) Nexteer had been made aware that copyrighted and highly confidential source code for its power steering systems, as well as product source code for some of Nexteer's suppliers, had been posted on GitHub. (*Id.* at Ex. 1.) The code was confidential code that Nexteer does not even share with its customers, and is critical for the operations and safety of its power steering systems. (*Id.*) Nexteer identified the infringing content and requested that GitHub identify the infringers. (*Id.*) As part of the request, Nexteer sought the removal of three infringing posts that contained Nexteer's original code, as well as several posts considered "forks." (*Id.*) Fork posts were posts where GitHub users downloaded the original code and began independent development, creating a separate, but still infringing, piece of software. (*Id.*)

On May 30, 2023, GitHub Support responded to the DMCA request and indicated that the infringing posts were disabled, and that the relevant users would be notified of the takedown. (*Id.*) Nexteer responded that it sought the user information of the persons who posted the highly confidential code on the website. (*Id.*)

On June 5, 2023, GitHub responded that it required a subpoena in order for Nexteer to obtain private user information. (*Id.* at ¶ 6.) On June 9, 2023, this Court granted Nexteer's request for the

issuance of a DMCA subpoena to identify the alleged copyright infringer(s) who posted Nexteer's confidential and proprietary source code—as well as source code licensed to Nexteer—on GitHub's public website without Nexteer's authorization. (*Id.* at ¶ 3.) Nexteer communicated to this Court, in its request for the issuance of the DMCA subpoena, and to GitHub's legal team that GitHub should not provide the infringer(s) with advanced notice—*i.e.*, GitHub should not notify the infringer(s) of the subpoena prior to complying with the subpoena. (*See* Dkt. 5-1 [Declaration of Emma E. Soldon], at ¶ 2.) GitHub replied that it would only honor a non-disclosure order from this Court—not Nexteer's request not to disclose. (*See id.*) On June 16, 2023, Nexteer filed a Motion for Administrative Relief Granting Non-Disclosure Order, seeking the non-disclosure order that GitHub insisted on (Dkt 7-1 at ¶ 5), which was denied without prejudice.

On June 19, 2023, counsel for Nexteer communicated with GitHub's Legal Support team and sought confirmation that GitHub, in response to the subpoena, would be providing information on users who downloaded Nexteer's confidential code, as well as those who posted the code. (*Id.* at ¶6). On June 20, 2023, GitHub responded and directed Nexteer to its "legal demands" webpage, which "describes what we produce with a subpoena." (*Id.* at ¶7). That webpage indicates that, in response to a subpoena, GitHub will provide: 1) Name(s) associated with the account, 2) Email address(es) associated with the account, 3) Billing information, 4) Registration date and termination date, 5) IP address, date, and time at the time of account registration, and 6) IP address(es) used to access the account at a specified time or event relevant to the investigation. (*Id.*). The webpage does <u>not</u> specify that GitHub will only provide information for users who post infringing data, and not users who download infringing data. (*Id.* at ¶8).

The same day, Nexteer responded and sought to clarify that GitHub would provide user information for users who downloaded the code, as well as those who posted the code. (*Id.* at ¶9). GitHub then responded that it would not produce downloading users' information, only posting users information. (*Id.* at ¶9). The parties continued discussing the issues, but as of the date of this filing, were unable to come to an agreement. (*Id.* at ¶10).

III. <u>PROCEDURAL BACKGROUND</u>

On June 8, 2023, after submitting the DMCA takedown and communicating with GitHub legal

staff, Nexteer filed its Request for Subpoena. On June 9, 2023, the Clerk of this Court issued the signed subpoena, instructing GitHub to provide the requested information to Nexteer by June 16, 2023. To prevent GitHub from notifying the involved users that their account information was going to be provided to Nexteer, Nexteer filed a Motion for Administrative Relief Granting Non-Disclosure Order on June 16, 2023. That motion was denied without prejudice on June 23, 2023 for being a non-noticed motion seeking relief. Discussions between the parties failed regarding the provision of account information for users who downloaded Nexteer's code, and Nexteer now accordingly brings this Motion.

### IV. LEGAL STANDARD

The DMCA, at 17 U.S.C. § 512(h)(5), provides that "[u]pon receipt of the issued subpoena … the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification." Section 512(h)(6) subsequently provides that "the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."

Under Fed. R. Civ. P. 45(d)(2)(B), if the subpoenaed party serves a written objection, then "the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Further, "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

The party issuing a subpoena must demonstrate that the discovery sought is relevant, and "the party resisting discovery bears the burden to demonstrate why discovery should not be permitted." *Rich v. Butowsky*, 2020 WL 5910069, at *2 (N.D. Cal. Oct. 6, 2020).

///

## V. STATEMENT OF ISSUES

Pursuant to Local Rule 37-2, Nexteer sets forth the information requested by the subpoena at issue in full, followed by GitHub's objection to producing all information requested.

### a. Nexteer Subpoena

"All identifying information, including the name(s), address(es), telephone number(s), e-mail address(es), social media profile data and IP address(es), for all users who posted any content related to the following projects or forks:

Original Project: https://github.com/account-userl/RH850_Project

- Forks
  - https://github.com/3l7954897/RH850_Project
  - https://github.com/JesseLliang/RH850_Project
  - https://github.com/Just-Marco-Li/EPS RH850_P1M
    - https://github.com/tigger-jake/EPS_RH850_P1M
  - https://github.com/kernal88/RH850_Project
  - https://github.com/simonwang0215/RH850_Project_DAVINCI

Original Project: https://github.com/ecuuser/TMS570_ECUForks

- Forks
  - https://github.com/Just-Marco-Li/BPS_TMS570
  - https://github.com/tigger-jake/EPS_TMS570

Original Project: https://github.com/floweruser7/RH850-for-automotive

- Forks
  - https://github.com/Just-Marco-Li/EPS_GM_RH850
  - https://github.com/tigger-jake/RH850-for-automotive

Please include all identifying information provided when this account was established, as well as all identifying information provided subsequently for billing or administrative purposes." (Dkt. 2 at Attachment A).

### b. Nexteer Follow-up on 6/19/2023

"As you are aware, the subpoena requests all information related to certain posts, projects, and

forks – will you please confirm that when GitHub responds to the subpoena, it will include information related to downloads as well as posts/forks? It is our understanding that downloads are included within the subpoena request." (Dkt. 7-3).

    c. **Nexteer Follow-up on 6/20/2023**

"Just following up on the below email. Please confirm that GitHub's response will include information related to downloads." (*Id.*)

    d. **GitHub Response on 6/20/2023**

"Our legal demands page describes what we produce with a subpoena, please see the following link here." (*Id.*)

    e. **Nexteer Response on 6/20/2023**

"Thank you. The webpage that you provided states that GitHub will produce the following information when served with a subpoena:

    Name(s) associated with the account

    Email address(es) associated with the account

    Billing information

    Registration date and termination date

    IP address, date, and time at the time of account registration

    IP address(es) used to access the account at a specified time or event relevant to the investigation

Our question is – will GitHub produce the above information for users who downloaded the information referenced in the subpoena, in addition to the users who posted the information related to the subpoena? Thanks in advance for clarification." (*Id.*)

    f. **GitHub Response on 6/20/2023**

"We will only produce information about the person who posted the information." (*Id.*)

### VI. MEET AND CONFER PROCESS

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-1(a), counsel for Nexteer and GitHub legal staff met and conferred by email in the weeks after issuance of the subpoena on June 9, 2023. (Dkt. 7-3). Over the course of the discussions, it became clear that GitHub is unwilling to comply with the subpoena, which clearly requests not only information of users who posted the code, but also users who

downloaded the data and created forks. The parties were unable to resolve this issue through the meet and confer process.

### VII.   ARGUMENT

A substantive discussion is not even necessary to compel GitHub's compliance with a subpoena. But even on the limited merits available in this case, GitHub has no reason to refuse to provide the information of users who downloaded Nexteer's copyrighted code. This information is crucial, in addition to the identification of users who posted the data. The code is proprietary, highly confidential data that belongs to Nexteer and its OEM customers. The individuals who uploaded and downloaded the data do not need to be alerted that Nexteer's copyright has been infringed. Advance notification could allow these individuals to delete emails, spoliate evidence, and otherwise attempt to evade Nexteer's attempts to investigate the wrongdoing. There is little to no harm to the uploaders and downloaders by requiring GitHub to turn the requested information over to Nexteer without providing advance notice. By contrast, Nexteer could suffer great harm in the event that there is further delay and advance notice provided given that Nexteer's confidential information could be further disseminated or its investigation efforts could be impeded. Depending upon the results provided by GitHub, Nexteer may need to escalate the issue to the authorities.

#### a.   GitHub is Refusing a Court Order

As an initial matter, GitHub is refusing to comply with a plain and clear court-issued subpoena. GitHub's own information disclosure policy requires issuance of a subpoena prior to disclosing non-public account information. Accordingly, on June 8, 2023, Nexteer requested issuance of the subpoena from the Clerk of this Court. The subpoena seeks the very information that GitHub's policy states that it will provide; namely, names, addresses, e-mail addresses, billing information, IP addresses, and other identifying information for accounts that posted infringing content. The subpoena seeks information for accounts that made posts related to both Nexteer's original code, as well as the development forks that were created—and necessarily required the download of Nexteer's original code.

Since issuance of the subpoena, GitHub has refused to provide download information without justification. GitHub first redirected Nexteer to its disclosure policy (which supports disclosure of downloading users), then plainly refused when Nexteer again asked for downloading users.

The DMCA plainly states that, "[u]pon receipt of the issued subpoena … the service provider *shall expeditiously disclose to the copyright owner* or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification." 17 U.S.C. § 512(h)(5) (emphasis added). Further, "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). GitHub has provided no adequate excuse as to why it will not provide downloading users information. Nor has GitHub filed a motion to quash or narrow the subpoena. GitHub is simply refusing to comply.

Accordingly, this Court should grant this Motion on the sole basis that GitHub has refused to comply with a court-issued subpoena without reason.

**b.  Nexteer's Rights are Significantly Threatened**

Nexteer is entitled to obtain the non-public account information of users downloading their confidential code, to protect its copyrighted interests.  Adjudication of motions seeking the identifying information of anonymous online speakers requires a two-step inquiry. "First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim. Second, the court balances the need for the discovery against the First Amendment interest at stake. This resembles the analysis courts around the country have employed when adjudicating motions that would result in the unmasking of anonymous speakers." *In re DMCA § 512(h) Subpoena to Twitter, Inc*., 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022).

To make a prima facie case of copyright infringement, "a party must make a prima facie case that the infringing use did not constitute fair use. *Id*., 608 F. Supp. 3d at 789. "In some cases, no analysis is required; it is obvious, for example, that downloading and distributing copyrighted music via peer-to-peer systems does not constitute fair use." *Id.* This case falls into the category of an obvious copyright infringement, not requiring further analysis. Nexteer's copyrighted, highly confidential electric steering software code was published, distributed, and downloaded on GitHub's software development platform and website. The unsanctioned distribution of Nexteer's code is an obvious infringement and not fair use.

Even under a fair use analysis, however, the GitHub users' use does not qualify. 17 U.S.C. § 107

lays out the factors for evaluating whether a use is a non-infringing fair use:

"(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work."

*Id.* Under these factors, the distribution and download of Nexteer's code falls well short of a fair use.

First, the purpose and character of the use was purely commercial and not for nonprofit educational purposes. The code was posted on GitHub, whose website describes itself as "the complete developer platform to build, scale, and deliver secure software." The code was then downloaded and the users created "forks," attempting to mold Nexteer's code into a separate piece of software. There is no artistic, nonprofit educational, or expressive use here. The use was only to share Nexteer's proprietary business software in an attempt to further develop and capitalize on it.

Second, the nature of the subject matter—proprietary software code used in Nexteer's electric power steering systems—does not lend itself to artistic use or expression. The Nexteer code is original and highly proprietary, to the extent that Nexteer does not even share the code with the customers that purchase its products. The code is not published elsewhere.

The third factor is unclear, but to Nexteer's knowledge, a significant portion of the relevant software code was published and downloaded. This weighs in favor of a finding of infringement, when the work itself is divisible. *Id.* at 881.

Fourth, and perhaps most importantly, the effect of the use on the value of the copyrighted work is significant. As mentioned, Nexteer is a global automotive supply company that provides electric and hydraulic power steering systems, steer-by-wire systems, steering columns, and more. Nexteer's customers include leading vehicle brands such as BMW, Ford, GM, Stellantis, Toyota, and Volkswagen. Nexteer's steering software code is a significant reason why it is a leading automotive supply company. This factor requires the court to consider "not only the extent of the market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the

sort engaged in by the defendant would result in a substantially adverse impact on the potential market" for the original and derivative works. *Id.*

It is obvious and unquestionable that, were unrestricted and widespread distribution of Nexteer's proprietary software code to occur, the market for Nexteer's product would be severely and irreparably damaged. That the code was published on a website for software developers, rather than a neutral forum such as Twitter or an artistic platform, only adds to this threat. Indeed, not only was the software posted on GitHub, but certain users immediately downloaded the software and created "forks" and began developing their own code based on Nexteer's. This is the very reason that Nexteer holds its code so privately, not even disclosing the code to its customers. The fourth factor, therefore, weighs heavily in favor of Nexteer.

Nexteer must be allowed a full opportunity to mitigate damages and protect its intellectual property. With access to the accounts of users who uploaded and downloaded the data, Nexteer can take earlier, proactive steps to identify and alert these individuals. Nexteer also needs as much information as possible regarding the downloads and dissemination in order to protect highly valuable intellectual property, and make a decision as to whether to involve the authorities to further investigation or escalate this to a criminal matter.

Accordingly, Nexteer has established a prima facie case of copyright infringement, and the GitHub users' First Amendment interests are minimal. There is no reason that GitHub should withhold the downloading users' account information. This Court should compel GitHub to comply with the subpoena and provide the requested information.

c. **GitHub Should Not Be Allowed to Give the Users (Uploaders or Downloaders) Advance Notice**

As mentioned earlier, in addition to refusing to provide the identifying information of infringers who downloaded Nexteer data, GitHub is also threatening to provide advance notice to all infringers (who uploaded or downloaded) of the details of Nexteer's subpoena, prior to providing the requested information. GitHub has maintained that it will only respond to the subpoena without providing the users advance notice if Nexteer obtains a "non-disclosure order" from this Court.

Good cause exists for this Court to order GitHub not to notify the users of the disclosure of their

account information before complying with the subpoena. Nexteer will be irreparably prejudiced without the issuance of a nondisclosure order preventing GitHub from providing advance notice to the infringer(s) before complying with the subpoena. Notifying the infringer(s) in advance would allow them to take actions to conceal their unlawful actions, which would prevent Nexteer from protecting its rights under 17 U.S.C. §§ 100 *et seq*. and the DMCA.

Upon information and belief, the users are current or former Nexteer employees that had or have access to this highly confidential, proprietary data. Good cause exists to not allow the infringing users an opportunity to delete relevant emails and communications, or alert others. Any benefit from GitHub notifying the wrongdoers, is far outweighed by the harm to Nexteer, as Nexteer needs to investigate, collect evidence and notify its customers and suppliers, as well as potentially the authorities. Nexteer's copyrighted and confidential data has already been maliciously compromised, so good cause exists to prevent the users an opportunity to conceal or further their bad acts.

Accordingly, Nexteer respectfully requests that, in addition to ordering that GitHub provide downloading user data, this Court also order that GitHub <u>not</u> provide advance notice to all infringing users of the subpoena for their account information.

## VIII.  CONCLUSION

Nexteer respectfully requests that the Court issue an order compelling GitHub to comply with the subpoena and provide the requested account information for users who downloaded Nexteer's software code, within five days of entry of the order. In addition, Nexteer respectfully requests that this Court order that GitHub not notify the infringing users (uploaders or downloaders) of the subpoena, prior to GitHub's compliance with the subpoena.

DATE:  JUNE 30, 2023                           **FOLEY & LARDNER LLP**
                                                JEFFREY S. KOPP

                                                By: /s/Jeffrey S. Kopp
                                                    JEFFREY S. KOPP
                                                    Attorney for Petitioner NEXTEER AUTOMOTIVE CORPORATION