# EXHIBIT 2

| | |
|---|---|
| **From:** | Habib, Daniyal M. |
| **To:** | Legal Support |
| **Cc:** | Miller, Vanessa L.; Kopp, Jeff |
| **Subject:** | RE: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC |
| **Date:** | Thursday, June 29, 2023 3:33:00 PM |

Hello Dan, thanks for introducing yourself. It's nice to put a name and virtual face to the discussion.

I'll respond to GitHub's position in your email as follows, but I do think we are likely at an impasse and will proceed with our motion.

1. We understand that, for purposes of not being liable for the infringement, GitHub is likely insulated as a service provider under 512(c). However, we think the case law doesn't justify your position on the "storing content" issue. The *Verizon* case and a similar case, *Charter Communications*, state that where the internet service provider "acted solely as a conduit for the transmission of material by others (its subscribers using P2P file-sharing software to exchange files stored on their personal computers)," then the subpoena is not proper. But GitHub was not simply an ISP facilitating internet access between two P2P users exchanging data between their personal devices. Here, Nexteer's data was posted (and stored) to GitHub, and then subsequently downloaded (from that same storage) from GitHub. It makes sense that an ISP like Verizon wouldn't be able to look into the personal devices of anonymous internet customers and find data. But surely, GitHub can tell Nexteer who downloaded data off of its own storage platform. We think that GitHub has that data, that Nexteer is entitled to it, and that the DMCA and case law don't insulate GitHub from simply providing that data (vs. being insulated from actual copyright infringement). And to the extent that your position is that downloading copyrighted material isn't infringement, the scheme and operation of the DMCA and the sea of cases filed against anonymous users would say otherwise.
2. We understand and appreciate that GitHub has a company policy and relationships to maintain with its customers. But this is not a typical issue with misuse of copyrighted material that may already be public. This is secret, confidential data that was stolen and leaked, and may invoke trade secret issues. GitHub has insisted that we obtain a court order, and we are seeking one, but we think this justifies a departure from GitHub's general policy to its customers. These users breached GitHub's explicit user policies about not using the website in a manner that violates copyright laws, so on balance, these infringing users shouldn't be given the benefit over Nexteer, who is trying to protect its rights.

As I mentioned, we are likely to proceed with the motion if GitHub will not provide downloader data and hold off on advance notice to all infringing users before complying with the subpoena.

Thanks,

**Daniyal M. Habib**
*Special Counsel*

**Foley & Lardner LLP | San Diego, CA**
Phone 858.847.6749
Visit Foley.com | dhabib@foley.com



**From:** Legal Support <legal-support@github.com>
**Sent:** Thursday, June 29, 2023 9:51 AM
**To:** Legal Support <legal-support@github.com>
**Cc:** Habib, Daniyal M. <dhabib@foley.com>; Miller, Vanessa L. <VMiller@foley.com>; Kopp, Jeff <JKopp@foley.com>
**Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Hi Daniyal, this is Dan Velton, I'm on the legal team here at GitHub. It's nice to meet you. This is a

collaborative inbox and multiple members of the team work on it (including on the discussion of this matter), but anyone writing to you from this inbox has authority to represent GitHub on this.

I've taken a look through the email thread and it looks like you're correct that the two open issues are (1) entitlement to user information of downloaders, and (2) notice to affected users.

I'd characterize GitHub's position on both as follows:

(1) Those who upload or fork infringing content in this case are within the scope of 17 U.S.C. section 512(h), unlike downloaders, who are not storing the content on GitHub servers within the meaning of 512(c). This is from RIAA v. Verizon, and it doesn't look like there's any contradictory authority or suggestion that the case is inapposite here. If there is, it would be helpful if you let us know so we could review it.

(2) GitHub has made policy promises to its users that it will notify them if it receives a legal request for information about their accounts, unless such notice is prohibited by law or court order. Such consumer notice is standard, and makes sense especially in civil matters of public record. Using civil discovery vehicles in secret is simply not a feature of our civil legal system (unlike criminal, where gag orders are common).

If you'll accept the production of uploader and forker information, following notice to those affected users, we can proceed with that and be done with this. However, to provide wholesale data about Internet users who downloaded something from our public website, or to withhold user notice and thus breach our promise to our customers: neither of these are approaches we can take without legal authority that is on point and requires it.

Thanks,
Dan

On Wednesday, June 28, 2023 at 5:58:27 AM UTC-7 Habib, Daniyal M. wrote:

> We would agree that there has not been an adequate meet and confer because as of now, we have only communicated with the individual(s) operating GitHub's anonymous Legal Support email account. To this point, we are unsure of who and how many people we are actually communicating with, whether the individual(s) we have been communicating with are licensed attorneys, and to what extent you represent GitHub as to a meet-and-confer process.
>
> To that end, we would like to crystallize the issues and our respective positions to move the meet and confer process along and make it easier for each other, as well as on the court if/when we file our motion:
>
> 1. Please identify who we have been conferring with and that person or persons' authority to represent GitHub. If we can understand who we are speaking with, we are happy to set up a call to properly meet and confer on the issues, whether with you or appropriate counsel.
> 2. Downloading users' information

a. Nexteer's position is that under the DMCA and the plain language of the court-issued subpoena, it is entitled to the account information of users who <u>downloaded</u> Nexteer's confidential data from GitHub's website. Obtaining this information will assist Nexteer in mitigating damages and limiting further breaches. Regardless of GitHub's policy, Nexteer is entitled to this information as downloads of unlicensed software constitute copyright infringement under 17 U.S.C. 100 *et seq* and 17 USC 500 *et seq*., and surely, Nexteer is entitled to know who is infringing its copyright.
b. GitHub's position is that its company policy is to only provide the information of users who posted the copyrighted data, and that providing such information is also beyond the scope of the DMCA and beyond GitHub's authority.

3. Providing notice to infringers

a. Nexteer's position is that it is entitled to the above information <u>before</u> GitHub notifies users of the subpoena request for their account information. This is critical to prevent destruction of evidence or concealment of bad acts by the relevant users, and the fact that it is simply GitHub's company policy to do so is not enough justification.
b. GitHub's position is that it is company policy to notify DMCA affected users of a subpoena issued for their information and that you do not have the authority to NOT allow the users an opportunity to respond.

Please let me know if this represents your understanding of the issues and positions as well.

**Daniyal M. Habib**
*Special Counsel*

**Foley & Lardner LLP | San Diego, CA**
Phone 858.847.6749
Visit Foley.com | dhabib@foley.com

---

**From:** Legal Support <legal-support@github.com>
**Sent:** Tuesday, June 27, 2023 6:24 PM
**To:** Legal Support <legal-support@github.com>
**Cc:** Habib, Daniyal M. <dhabib@foley.com>; Miller, Vanessa L. <VMiller@foley.com>; Kopp, Jeff <JKopp@foley.com>
**Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

**\*\* EXTERNAL EMAIL MESSAGE \*\***
As an initial matter, we don't believe there has been adequate meet-and-confer as to the motion to compel; we are not at an impasse as we have agreed to produce documents consistent with the scope authorized by Section 512(h). As we have explained, though, it is our policy to provide notice to the affected users prior to producing their information in response to a subpoena.

With no authority we've seen to the contrary (please provide it if you have it) section 512(h) only authorizes a subpoena to obtain information sufficient to identify an infringer who stores content on our servers under 512(c). Recording Industry of America v. Verizon, 351 F.3d 1229 (D.D.C. 2003). We can provide notice to the affected original uploaders or fork owners, an opportunity to object or contest the subpoena, and then provide a production to you. Or we can continue to hold off. We've put things on pause as a courtesy because it remains unclear whether you'd like us to process the subpoena after providing user notice (for which we've seen no authority to the contrary), or to continue to hold off while you make your decision.

We believe you're entitled to identifying information of the uploaders and fork owners under the DMCA subpoena statute in this particular situation, but attempting to prohibit us from providing notice to affected users of a public court filing that targets them, or requiring that GitHub produce information about anyone who downloaded a publicly available resource but who is not storing it on our platform, goes beyond the scope of the law. We think it is wholly inappropriate to withhold notice here, where it is a civil matter, the affected users are already aware that your client has asserted their copyrights via the DMCA, and the content has already been disabled.

We'd again ask for any specific legal authority you might have that undercuts the above positions, but if you instead proceed to a motion without further discussion, we'd ask that you apprise the Court of this full thread of correspondence.

As for your question about the last email: "off GitHub" means "off-platform" meaning "not from GitHub."

On Tuesday, June 27, 2023 at 2:51:16 PM UTC-7 Habib, Daniyal M. wrote:

> Hello,
>
> Thank you for your response. The authority for our position on downloading users is that the DMCA clearly and unquestionably prohibits downloading of copyrighted material. Subject to the authority of the DMCA, the Court has issued a subpoena and ordered GitHub to produce the requested information. Among the information the Court has ordered you to produce is account information for users that created forks, which necessarily require the user to first download the copyrighted material. Nexteer has the right to mitigate the exposure and pursue damages from the individuals responsible, and GitHub, as the platform on which the software was posted, is in the best position to produce the identifying information. Nexteer has the right to know how many individuals illegally procured copies of its copyrighted code off of the website, it may be ten, or it may be a million—only GitHub knows. To this point, Nexteer has jumped through each hoop you have presented as an obstacle to Nexteer protecting its own rights. Under the authority of the DMCA and a Court-ordered subpoena, Nexteer has a right to the information of accounts who downloaded its software.
>
> Your point regarding the subpoena being publicly filed is misguided. The subpoena may be publicly filed, but that does not mean that the individuals responsible are checking the court's website to find out whether a subpoena was issued. Nor does it matter that they were notified of their posts being taken down under the DMCA takedown. Neither of these give the individuals actual advance notice of the account information sought in the subpoena.

Your last paragraph is gravely concerning. You suggest that, once the data is compromised, "it can be freely obtained worldwide off GitHub even without an official or logged 'download', through copy-paste, screenshots or other means." It is extremely concerning that you suggest that, at this moment, Nexteer's confidential source code can still be "freely obtained worldwide off GitHub." Our understanding was that the infringing materials were taken down immediately after the DMCA takedown was issued. Accordingly, please confirm immediately that Nexteer's copyrighted source code is NOT currently "freely obtainable," on GitHub via download, copy-paste, screenshot, or other means.

GitHub's own policies prohibit site users from use that infringes the proprietary rights of third parties, including copyrights. Nexteer has an absolute right it pursue these individuals for their infringement, and GitHub stands in between as the entity possessing their identifying information. Accordingly, please confirm as requested previously whether or not GitHub will comply with Nexteer's requests, or require us to make our motion with the Court.

Sincerely,

**Daniyal M. Habib**
*Special Counsel*

**Foley & Lardner LLP | San Diego, CA**
Phone 858.847.6749
Visit Foley.com | dhabib@foley.com

---

**From:** Legal Support <legal-support@github.com>
**Sent:** Tuesday, June 27, 2023 12:39 PM
**To:** Legal Support <legal-support@github.com>
**Cc:** Habib, Daniyal M. <dhabib@foley.com>; Miller, Vanessa L. <VMiller@foley.com>; Kopp, Jeff <JKopp@foley.com>
**Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Thanks for your email. Can you provide any authority for Nexteer's apparent positions that (1) GitHub is prohibited from disclosing a publicly filed subpoena to affected users - we are talking about a public record here (and the DMCA takedown notices you submitted already notified the owners of posts and forks of this matter), and (2) anyone who merely downloads a publicly available internet resource is deemed an "infringer" and subject to the scope of discovery authorized under 17 U.S.C. section 512?

Lastly, while we appreciate your concerns about tracking down every copy of your client's code, please understand that leaked code should be considered fully compromised rather than

attempting to scope exposure. Once it is public (let alone public for a long time, as here) it can be freely obtained worldwide off GitHub even without an official or logged "download", through copy-paste, screenshots or other means. We'd encourage you to communicate to your client the fact that scoping efforts do not and cannot even capture the majority of exposure.

On Tuesday, June 27, 2023 at 9:18:45 AM UTC-7 Habib, Daniyal M. wrote:

> GitHub Staff,
>
> You informed us that GitHub only intends to produce information about the person who posted the information, and not disclose the identity of those who downloaded the software code. In addition, your position is that you intend to notify the individual who uploaded the code about the subpoena. We asked you to refrain from notifying the user who uploaded the code until after you provide us his/her identity and user information, and also asked you to provide us the identity of all users who downloaded the software code.
>
> Because GitHub will not comply with our requests, Nexteer intends to file the attached motion to compel GitHub's compliance with the subpoena, which was issued by the Court without reservation as to the information of downloading users. The motion also seeks an order preventing GitHub from giving all uploading and downloading users advance notice of the subpoena based on the extremely sensitive nature of the data.
>
> We'd prefer to resolve this without court involvement, so please indicate whether or not Nexteer has your concurrence in filing this motion.
>
> Sincerely,
>
> **Daniyal M. Habib**
> *Special Counsel*
>
> **Foley & Lardner LLP | San Diego, CA**
> Phone 858.847.6749
> Visit Foley.com | dhabib@foley.com
>
> ---
>
> **From:** Legal Support <legal-support@github.com>
> **Sent:** Monday, June 26, 2023 7:50 PM
> **To:** Legal Support <legal-support@github.com>
> **Cc:** Soldon, Emma E. <ESoldon@foley.com>; Lee, Laura J. <LJLee@foley.com>;

Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
**Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Good Evening Emma,

I wanted to follow-up on this case and see if you intend to provide us with an NDO, whether you like to withdraw the subpoena, or would you like us to go ahead and process the production after providing notice to the affected users?

Please let us know, thank you!

Best,
GitHub Staff

On Tuesday, June 20, 2023 at 4:24:51 PM UTC-7 Legal Support wrote:

> Hi Emma,
>
> We will only produce information about the person who posted the information.
>
> Best,
>
> GitHub Staff
>
> On Tuesday, June 20, 2023 at 4:02:37 PM UTC-7 Soldon, Emma E. wrote:
>
>> Thank you. The webpage that you provided states that GitHub will produce the following information when served with a subpoena:
>>
>> Name(s) associated with the account
>>
>> Email address(es) associated with the account
>>
>> Billing information
>>
>> Registration date and termination date

> > IP address, date, and time at the time of account registration
> >
> > IP address(es) used to access the account at a specified time or event relevant to the investigation
>
> Our question is – will GitHub produce the above information for users who <u>downloaded</u> the information referenced in the subpoena, in addition to the users who <u>posted</u> the information related to the subpoena? Thanks in advance for clarification.
>
> Best,
>
> Emma
>
> **Emma E. Soldon**
> *Associate*
>
> **Foley & Lardner LLP | San Francisco, CA**
> Phone 415.438.6432
> Visit Foley.com | esoldon@foley.com
>
> > **From:** Legal Support <legal-support@github.com>
> >
> > **Sent:** Tuesday, June 20, 2023 3:29 PM
> > **To:** Legal Support <legal-support@github.com>
> > **Cc:** Soldon, Emma E. <ESoldon@foley.com>; Lee, Laura J. <LJLee@foley.com>; Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
> > **Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC
> >
> > **\*\* EXTERNAL EMAIL MESSAGE \*\***
> >
> > Hi Emma,
> >
> > Thank you, hope you had a nice weekend as well!
> >
> > Our legal demands page describes what we produce with a subpoena, please see

the following link here.

Best,

GitHub Staff

On Tuesday, June 20, 2023 at 2:02:07 PM UTC-7 Soldon, Emma E. wrote:

> Hello,
>
> Just following up on the below email. Please confirm that GitHub's response will include information related to downloads.
>
> Thanks,
>
> Emma
>
> **Emma E. Soldon**
> *Associate*
>
> **Foley & Lardner LLP | San Francisco, CA**
> Phone 415.438.6432
> Visit Foley.com | esoldon@foley.com
>
> **From:** Soldon, Emma E.
> **Sent:** Monday, June 19, 2023 12:45 PM
> **To:** Legal Support <legal-support@github.com>
> **Cc:** Lee, Laura J. <LJLee@foley.com>; Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
> **Subject:** RE: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC
>
> Hello,
>
> Hope you had a good weekend. As you are aware, the subpoena requests all information related to certain posts, projects, and forks – will you please confirm that when GitHub responds to the subpoena, it will include information related to downloads as well as posts/forks? It is our understanding that

downloads are included within the subpoena request.

Thank you,

Emma

**Emma E. Soldon**
*Associate*

**Foley & Lardner LLP | San Francisco, CA**
Phone 415.438.6432
Visit Foley.com | esoldon@foley.com

---

**From:** Legal Support <legal-support@github.com>

**Sent:** Wednesday, June 14, 2023 5:22 PM
**To:** Legal Support <legal-support@github.com>
**Cc:** Soldon, Emma E. <ESoldon@foley.com>; Lee, Laura J. <LJLee@foley.com>; Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
**Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Hi Emma,

I wanted to get clarity if you are going to be providing an NDO. We will only honor a non-disclosure order from a court, not a request not to disclose. With that, we need to give account holders a minimum of 1 week to have time to object should they choose to do so. With that, I need to know where we are standing in terms of an NDO and to have it in our file to move forward. Please let us know soon.

Best,

GitHub Staff

On Wednesday, June 14, 2023 at 10:14:38 AM UTC-7 Soldon, Emma E. wrote:

Hello,

Will you please confirm that GitHub will be providing the information requested in the subpoena by the response deadline (this Friday, June 16, 2023 at 10AM)? In order to expedite this process, we would prefer that GitHub provide the information via email to jkopp@foley.com, vmiller@foley.com, and esoldon@foley.com, all of whom are copied on this email.

Looking forward to hearing from you.

Thanks,

Emma

**Emma E. Soldon**
*Associate*

**Foley & Lardner LLP | San Francisco, CA**
Phone 415.438.6432
Visit Foley.com | esoldon@foley.com

---

**From:** Soldon, Emma E.
**Sent:** Tuesday, June 13, 2023 3:51 PM
**To:** Legal Support <legal-support@github.com>
**Cc:** Lee, Laura J. <LJLee@foley.com>; Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
**Subject:** RE: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

Hello,

Yes, that is correct, we are requesting that you do not disclose to the user/account holder that the subpoena exists. Accordingly, when we requested that the court issue the subpoena, we requested that GitHub not provide the infringer(s) with advance notice. (*See* Nexteer's Request for Issuance of Subpoena, at 2:27 & n.1, attached.) Although we do not have a specific NDO, the court subsequently issued the subpoena based on the attached request.

Best,

Emma

**Emma E. Soldon**
*Associate*

**Foley & Lardner LLP | San Francisco, CA**
Phone 415.438.6432
Visit Foley.com | esoldon@foley.com

---

**From:** Legal Support <legal-support@github.com>
**Sent:** Tuesday, June 13, 2023 2:01 PM
**To:** Legal Support <legal-support@github.com>
**Cc:** Lee, Laura J. <LJLee@foley.com>; Soldon, Emma E. <ESoldon@foley.com>; Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
**Subject:** Re: In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC


**\*\* EXTERNAL EMAIL MESSAGE \*\***

Hi Laura,

This email is a confirmation that we have received your request. My understanding from previous correspondences is that you are not wanting users to be notified, are you able to provide us with an NDO?

Best,
GitHub Staff

On Tuesday, June 13, 2023 at 1:24:36 PM UTC-7 Lee, Laura J. wrote:

> Counsel:
>
> Please see attached courtesy copy of [4] Subpoena to Produce Documents, Information, Or Objects Or to Permit Inspection Of Premises In A Civil

Action with Attachment A, which was re-issued by the court in the above matter today. Thank you.

**Laura J. Lee**
*Assistant*

**Foley & Lardner LLP**
555 California Street, Suite 1700, San Francisco, CA 94104-1520
Phone 415.438.6440 | Cell 415.810.6671
Visit Foley.com | ljlee@foley.com

---

**From:** Lee, Laura J.
**Sent:** Tuesday, June 13, 2023 11:00 AM
**To:** legal-support@github.com
**Cc:** Soldon, Emma E. <ESoldon@foley.com>; Kopp, Jeff <JKopp@foley.com>; Miller, Vanessa L. <VMiller@foley.com>
**Subject:** In Re DMCA Subpoena to Github, Inc. USDC Northern District of CA C23-MC-80164LJC

Counsel:

Please see attached courtesy copy of Subpoena to Produce Documents, Information, Or Objects Or to Permit Inspection Of Premises In A Civil Action for the above matter. Thank you.

**Laura J. Lee**
*Assistant*

**Foley & Lardner LLP**
555 California Street, Suite 1700, San Francisco, CA 94104-1520
Phone 415.438.6440 | Cell 415.810.6671
Visit Foley.com | ljlee@foley.com

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.

> Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

>> The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

>> The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

>> The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not

> > read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.
>
> The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.
>
> The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for

transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.